```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| BILLY BREW, Individually and on Behalf of All Others Similarly Situated | CIVIL ACTION |
| v. | NO. 15-4569 |
| UNIVERSITY HEALTHCARE SYSTEM, LC D/B/A/ TULANE UNIVERSITY HOSPITAL AND CLINIC | SECTION "F" |

                    ORDER AND REASONS

Before the Court is the plaintiff, Billy Brew's, motion to remand. For the following reasons, the motion is DENIED.

**Background**

The sole question before the Court is whether this putative class action lawsuit should proceed in federal court or be remanded to state court.

Billy Brew brings this action alleging that Tulane University Hospital and Clinic violated the Louisiana Health Care Consumer Billing and Disclosure Protection Act by unlawfully attempting to collect payments from him and others who received medical services from Tulane. Broadly, the Louisiana Health Care Consumer Billing and Disclosure Protection Act prohibits a health care provider, such as Tulane, from attempting to collect payments for healthcare services directly from a patient who has health insurance that covers those services. See La. R.S. 22:1871 et seq. Instead, the

1

health care provider must seek payments from the patient's insurance company in accordance with a provider contract between the health care provider and the insurer. See id. Brew initially filed this case in Louisiana state court claiming that Tulane engaged in prohibited billing practices when it demanded that Brew pay $243,982.73 for covered healthcare services.[1]

Brew asserts the same claims on behalf of others who were unlawfully billed by Tulane. He defines his putative class as follows:

> All persons currently and/or formerly residing in the United States of America during the relevant time period:
>
> (1) Having "Health Insurance Coverage" [as defined by La. R.S. 22:1872(18)] providing coverage for themselves or for others for whom they are legally responsible, with any "Health Insurance Issuer" [as defined by La. R.S. 22:1872(19)] at the time "covered health care services" [as defined by La. R.S. 22:1972(8)] were provided by any facility operated by **TULANE**; and
>
> (2) With which "Health Insurance Issuer" **TULANE** was a "contracted health care provider" at the time of the service [as defined by La. R.S. 22:1872(6)]; and,
>
> (3) From whom **TULANE** collected, and/or

---

[1] The plaintiff contends that Tulane violated the Louisiana Act by "attempting to collect, or collecting, from an insured: (1) any amount owed by the health insurer; (2) any amount in excess of the contracted reimbursement rate for covered health care services; and/or (3) any amount from the insured without first receiving an explanation of benefits or other information from the health insurer setting forth the liability of the insured as required by La. R.S. 22:1874(A)(2) and (3)."

2

>attempted to collect, the "Health Insurance Issuer's Liability" [as defined by La. R.S. 22:1872(20)], including but not limited to, any collection or attempt to collect from any settlement, judgment or claim made against any third person or insurer who may have been liable for any injuries sustained by the patient (which insurers include those providing liability coverage to third persons, uninsured/underinsured coverage, and/or medical payments coverage); and/or
>
>(4) From whom **TULANE** collected, and/or attempted to collect, any amount in excess of the "Contracted Reimbursement Rate" [as defined by La. R.S. 22:1872(7)], including but not limited to, any collection or attempt to collect from any settlement, judgment, or claim made against any third person or insurer who may have been liable for any injuries sustained by the patient (which insurers include those providing liability coverage to third persons, uninsured/underinsured coverage, and/or medical payments coverage).
>
>(5) From whom **TULANE** collected, and/or attempted to collect, any amount without first receiving an explanation of benefits or other information from the Health Insurance Issuer setting forth the liability of the insured as required by La. R.S. 22:1874(A)(2) and (3).

Tulane removed this suit under the Class Action Fairness Act. CAFA gives federal courts original jurisdiction over class actions with more than 100 members in which there is minimal diversity and the amount in controversy exceeds $5,000,000. With its notice of removal, Tulane submitted an affidavit of Carrie Landry, the Director of Financial Analysis for the company that provides Tulane's billing and collection services. Landry testified that there are over 100,000 insured U.S. residents who were billed for

healthcare services provided by Tulane. Of those 100,000, many have mailing addresses in seventeen different states. Landry also stated that the amount billed directly to those individuals exceeds $5,000,000. According to Tulane, the CAFA requirements are satisfied.

Brew responds that Tulane has misinterpreted his class definition to improperly inflate the size and scope of the putative class. Brew claims that the class does not include *all* covered patients that were directly billed by Tulane, only those that were billed *improperly*. Applying his narrower definition, Brew submits that Tulane has not met its burden to satisfy the minimal diversity or amount-in-controversy requirements. Alternatively, Brew asks the Court to apply an exception to the CAFA removal statute or compel limited jurisdictional discovery.

## I. CAFA Requirements

The Class Action Fairness Act gives federal district courts original jurisdiction of class actions with more than 100 members in which the matter in controversy exceeds $5 million and there is minimal diversity. See 28 U.S.C. § 1332(d)(2). Minimal diversity means that any member of the class of plaintiffs is a citizen of a state that is different from any defendant. See id. The removing defendant bears the burden of proof to establish the jurisdictional requirements. See Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793, 797 (5 Cir. 2007).

## II. The Class Definition

Brew urges the Court to consider only Tulane patients who were *improperly* billed when deciding whether CAFA's jurisdictional requirements are satisfied. Tulane objects, pointing out that Brew's definition would require it to admit liability in order to remove the case. Tulane contends that Brew attempts to create a "failsafe" class definition, which "requires a determination of the merits of the individual claims to determine whether a particular person is a member of the class." The Court agrees.

In Plaza 22, LLC v. Waste Management of Louisiana, LLC, No. 13-618, 2015 WL 1120320 (M.D. La. Mar. 12, 2015)(Dick, J.), the Court recently rejected a similar class definition. There, the plaintiff defined the class to include "all Louisiana companies who purchased small-containerized hauling services and were injured as a result of Waste Management's contract over a 25 year period." Id. at *3. The Court held that the definition "require[d] a resolution of the merits in order to determine class membership." Id. It reasoned that determining the class members would necessitate "individualized inquiries into each potential class member's claims to assess whether they have been injured by Defendants' conduct." Id. Brew's proposed class definition is similarly flawed.

While the Court reserves judgment on the propriety of a class action in this case, for purposes of determining the jurisdictional requirements under CAFA, the scope of the class must not require

5

resolution of the merits of each member's claim. Applying Brew's definition would require the Court to consider whether each potential class member was unlawfully billed, or otherwise; it would compel Tulane to admit liability to be able to remove the case. Such a catch-22 definition lacks merit. Accordingly, for determining federal jurisdiction, the Court construes the class definition to include all Tulane patients who had health insurance coverage from a contracted insurer and who were directly billed by Tulane.

### III. Minimal Diversity

Under the applicable class definition, Tulane has provided adequate proof that at least one class member is a citizen of a state different from the defendant. Tulane is a citizen of Louisiana. Carrie Landry submitted in her affidavit that members within the class definition have mailing addresses in seventeen different states. Tulane also submitted an affidavit in which Tulane's counsel stated that he had conducted research on three particular individuals who hold out-of-state driver's licenses, own vehicles that are registered out of state, and currently reside out of state. The record establishes the minimal diversity requirement.

### IV. Amount in Controversy

To remove a class action under CAFA, "[t]he removing defendant must prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount." Berniard

v. Dow Chemical Co., 481 Fed. Appx. 859, 862 (5 Cir. 2015). To satisfy the burden, "a defendant seeking to sustain removal may follow either of two tracks: (1) Adduce summary judgment evidence of the amount in controversy, or (2) demonstrate that, from the class plaintiffs' pleadings alone, it is 'facially apparent' that CAFA's amount in controversy is met." Id. Here, Tulane submitted an affidavit with a statement that the amount directly billed to patients with health insurance exceeds $5 million. Alone, this conclusory assertion is insufficient to establish the amount in controversy. Thus, the Court applies the facial apparency test.

Adopting the test articulated by the Seventh Circuit, the Fifth Circuit instructs:

> The removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million. This is a pleading requirement, not a demand for proof. Discovery and trial come later. A removing defendant need not confess liability in order to show that the controversy exceeds the threshold. The removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands.... The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks. Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.

Id. (quoting Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7 Cir. 2008)).

In the Seventh Circuit case from which the test in this

Circuit derives, the plaintiff brought a putative class action suit against a marketing company for systematically submitting unauthorized charges to his credit card. Spivey v. Vertrue, Inc., 528 F.3d 982, 983 (7 Cir. 2008). The defendant removed the case under CAFA and filed an affidavit that a fraction of its total billings amounted to almost $7 million. "The district judge thought this insufficient because [the defendant] did not concede that more than $5 million in charges was unauthorized." Id. at 985. The court reasoned: "the statute does not make federal jurisdiction depend on how much the plaintiff is sure to recover. The question is what amount is 'in controversy.'" Id. The court held that the plaintiff's "allegations thus put into 'controversy' the propriety of all of [the defendant's] charges, and the complaint demands refunds for all unauthorized charges." Id. at 985-86. The same logic applies here.

Brew's allegations put into "controversy" all of Tulane's direct billings to its insured patients. The complaint demands damages for all *unlawful* billings. Tulane "need not confess liability in order to show the controversy exceeds the threshold." Berniard, 481 Fed. Appx. at 862. Considering that Brew claims to have been personally billed $243,982.73 by Tulane, it is facially apparent that the amount in controversy exceeds the $5 million threshold when accounting for *all* insured patients who were directly billed for medical services by Tulane, which, on this

record may exceed 100,000.

## V. CAFA Exceptions

CAFA contains a mandatory exception for local controversies. A district court "shall decline to exercise jurisdiction" if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(4)(B). The plaintiff bears the burden of proof to show by a preponderance of evidence that greater than two-thirds of the alleged putative class members are citizens of the state in which the action was originally filed. See Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793, 798 (5 Cir. 2007). Here, the burden rests on Brew to show that two-thirds of the putative class members are Louisiana citizens.

Offering no evidence, Brew relies solely on an appeal to "common sense." He claims, "[c]ommon sense leads to the conclusion that two-thirds or more of the patients who were treated at [Tulane] and subsequently balance billed in violation of the Anti-Balance Billing Act are Louisiana citizens." Although it is likely that many of the class members are Louisiana citizens, Brew's common sense argument fails to overcome his burden of proof. Tulane offers evidence that there are over 100,000 alleged putative class members who have billing addresses in at least seventeen different states. Brew cannot trump actual evidence with a plea to

speculation. See Preston, 485 F.3d at 798 (holding that a plaintiff who "made no effort to provide citizenship data, stating in her motion that 'plaintiffs *believe* that the majority of the members of this class, and certainly more than 2/3 of the members are from Louisiana'" failed to overcome the defendant's affidavit stating precise numbers.).

Because the defendant has adequately shown that the CAFA jurisdictional requirements are satisfied, the Court denies the plaintiff's request to remand the case under CAFA's discretionary exceptions.

Accordingly, the motion to remand is hereby DENIED.

New Orleans, Louisiana, December 9, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE